tion, and no prayer for general relief, and as every act of the ordinary sought to be enjoined has been fully performed by him, the writ of error must be dismissed.

*Writ of error dismissed. All the Justices concur.*

## TOLBERT *v.* LONG, ordinary.

sH, C. J. Under the facts of this case it is controlled by the decision his day rendered in *Bond* v. *Long;* and the writ of error will therefore dismissed. *Writ of error dismissed. All the Justices concur.*

## ᴇRS *v.* ROME AND NORTHERN RAILWAY COMPANY *et al.*

HOLDEN; J. Where a deed was made to "that strip of land one hundred feet wide, being fifty feet on each side of the center line of the railroad as the same is or may be located, across" described lots of land, in consideration of $10 and "the further consideration of the benefits accruing to said party of the first part from the construction of a railway into or through his lands," in which deed it was stated, "No growing crops, building, or improvements on the land shall be damaged in the location, construction, or operation of said road. Nor injury or dam-. age to the water-power or water-power site on said lots," and the maker of such deed filed an equitable petition to enjoin a railroad company, holding under the grantor in such deed, from constructing a railroad along a specified route across the lots of land, because such construction would damage the "water-power site on said lots," *held:*

1. The admission of testimony that the plaintiff bought the lots under a written option given him by his grantor, and the admission in evidence of the written option providing that the plaintiff was to give the right of way for a railroad through said property, if objectionable for any reason, was not hurtful to the plaintiff upon the hearing of the application for an interlocutory injunction, whether it was or was not provided in the deed to the plaintiff that he was to give such right of way, as it appears that the plaintiff did convey a strip of land on which such railroad was to be constructed "through said property."

2. Testimony that at the time of the execution of the deed by the plaintiff the route for the projected railroad had been located across the lots at a particular place was admissible to explain the language first above quoted, in the deed from the plaintiff, and to rebut the allegation and testimony of the plaintiff that when such deed was made "the line for the proposed railroad therein referred to had not been located."

3 The plaintiff having alleged and offered testimony to show that the. construction of the railroad at a particular place would not only not benefit his land but would work irreparable injury thereto, testimony to disprove this contention was admissible.

41

4. Where the sworn answer of the plaintiff was admitted in evidence, on the hearing of an application for an interlocutory injunction, as an affidavit, and objections were made to an excerpt therefrom, and some of the statements contained in such excerpt were admissible, the overruling of objections to the excerpt as a whole will not be disturbed.
5. Under the pleadings and the evidence, there was no abuse of discretion in refusing to grant an injunction.

*Judgment affirmed. All the Justices concur.*

Argued October 20,—Decided December 23, 1909.

Petition for injunction. Before Judge Wright. Floyd superior court. August 5, 1909.

*John W. & G. E. Maddox,* for plaintiff.
*McHenry & Porter,* for defendant.

---

## ROBERTS *v.* CITY OF CAIRO.

1. Where exception is taken to the refusal to grant an interlocutory injunction, affidavits used on the hearing of the application must be brought up in the bill of exceptions; or be attached as exhibits to the bill of exceptions and duly identified by the presiding judge; or be included in a brief of the evidence approved and made a part of the record, and thus brought to this court.
2. Where a bill of exceptions stated that certain affidavits were introduced in evidence by the plaintiff, naming the affiants, and that they were attached to the bill of exceptions as exhibits, marked with certain letters of the alphabet, and after the certificate of the presiding judge appeared what purported to be copies of certain affidavits, but they were not identified by any signature of the judge, and the plaintiff sought to bring up other affidavits introduced by the defendant by reference to them in the bill of exceptions and including therein a direction that the clerk send them to this court as parts of the record, of which they were not properly a part, this was not a correct mode of bringing the evidence to this court.
3. Although the defendant in error, under the act of 1905 (Acts 1905, p. 84), obtained a supplementary certificate bringing up evidence on its behalf as having been inadvertently omitted from the bill of exceptions, this did not obviate the fact that the bill of exceptions showed on its face that all the evidence material to a clear understanding of the errors complained of was not properly before this court.
4. Where a bill of exceptions shows on its face that the evidence material to a consideration of the errors complained of is not lawfully before this court in such manner that it can be considered, and the only questions made by the assignments of error necessarily involve a consideration of the evidence, this court can not adjudicate that any error was committed or that there should be any judgment of reversal.

Submitted July 13,—Decided December 24, 1909.